UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LAMAR PRICE, ) | Case No. 1:10CV2631 |
| ) | |
| Petitioner, ) | JUDGE DONALD C. NUGENT |
| ) | |
| v. ) | Magistrate Judge George J. Limbert |
| ) | |
| TERRY A. TIBBALS[1], Warden, ) | REPORT AND RECOMMENDATION |
| ) | OF MAGISTRATE JUDGE |
| Respondent. ) | |
| ) | |

    On July 20, 2009, Lamar Price ("Petitioner"), *pro se*, filed a petition for writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254. ECF Dkt. #1. Petitioner seeks relief from a judgment of conviction entered by the Summit County, Ohio Court of Common Pleas for three counts of aggravated robbery in violation of Ohio Revised Code ("O.R.C.") § 2923.13(A)(1), (A)(3); with a firearms specification, pursuant to O.R.C. § 2941.145. On April 18, 2011 ("Respondent") filed a motion to dismiss the petition as time-barred. ECF Dkt. #8. No response brief was filed. The case was referred to the undersigned by automatic reference on January 25, 2011, for the preparation of a report and recommendation. For the following reasons, the undersigned recommends that the Court DISMISS the instant petition, in its entirety, with prejudice:

**I. FACTUAL BACKGROUND**

    The Eighth District Court of Appeals of Ohio set forth the facts of this case on direct appeal. These binding factual findings "shall be presumed to be correct," and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. §2254(e)(1);

---

[1] Terry Tibbals is the current warden at the Mansfield Correctional Institution.

*Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), cert. denied, 119 S.Ct. 2403 (1999). As set forth by the Eighth District Court of Appeals, the facts are:

> {¶ 5} According to the record, Torre Shanks, Cierra Williams, Deandre Williams, and their young children were walking in the Cedar Estates area on August 2, 2006. They were traveling from their homes to the neighborhood wading pool. On their way, they took the shortest route through the basketball court.
>
> {¶ 6} Although no one was using the basketball court at the time, several young men were present at the court. Appellant was sitting on a bench near the court. As Torre, Cierra, Deandre, and the children passed appellant, Torre observed him make a call on his cell phone. He spoke softly to the person he contacted, and the call was brief. Torre's group walked a short distance when another young man, later identified as James Mullins, approached them from another direction. Mullins had a gun, pointed it at the group, and ordered the adults to get down on the ground.
>
> {¶ 7} After they complied, Mullins, appellant, and at least one other young man searched Torre, Cierra, and Deandre. The assailants took Deandre's clothing and appellant removed Deandre's shoes. Mullins then commanded the group to leave. Torre testified that when they reached a place of safety, the police were called. Torre also stated that while they were waiting for the police, Cierra told her that she knew one of the young men, the appellant.
>
> {¶ 8} Officer Patrick McClain and his partner received a call about the incident at approximately 4:00 p.m. They responded and spoke with the two adult women, both of whom remained shaken as a result of the experience. McClain testified that one of the women provided a name for one of the assailants, "Lamar," so he searched through his patrol car's on-board database for persons with that first name who lived in the area. Appellant's name appeared; McClain thereupon accessed appellant's photograph. McClain testified that when he displayed appellant's photograph on the computer screen, both women identified him as one of the assailants.
>
> {¶ 9} A few days after the incident, the detective, who had been assigned to the case, asked Torre to view a photo array. Without hesitation, Torre chose appellant's photograph as one of the persons involved in the robbery.

*State v. Price*, 8th Dist. No. 92096, 2009-Ohio-480, ¶5-9.

## II.    PROCEDURAL BACKGROUND

### A.    State Trial Court

On December 1, 2006[2], the Cuyahoga County Grand Jury issued an indictment charging Petitioner with three counts of aggravated robbery in violation of R.C. 2911.01, with gun

---

[2]Respondent writes in his brief that the indictment was filed on August 2, 2006. ECF Dkt. #8, p. 42. August 2, 2006 is the date of the offense. See ECF Dkt. #8-1, p. 56. Exhibit 1.

specifications, pursuant to R.C. 2941.141 and 2941.145, and criminal gang activity specifications, pursuant to R.C. 2941.142, attached to each count. ECF Dkt. #8-1, p. 56, Exhibit 1. The matter proceeded to trial on June 26, 2007 and the jury found Price guilty of all three counts of aggravated robbery, and all of the firearms specifications. The jury was unable to agree on the criminal-gang specifications, which were eventually dismissed. *State v. Price*, 8th Dist. No. 90308, 2008-Ohio-3454, ¶13. On July 19, 2007, the trial court sentenced Petitioner to five (5) years each on counts 1 and 2 (counts 1 and 2 to run concurrently), and ten (10) years on the base charge of count three. All one (1) year and three (3) year firearm specifications were merged to equal an additional three (3) years to Price's fifteen (15) year sentence, for a total of eighteen (18) years in prison. ECF Dkt. #8-1, p. 63, Exhibit 5.

    **B.**    **Direct Appeal**

On August 16, 2006, Petitioner filed a notice of appeal from his conviction. ECF Dkt. #8-1, p. 64, Exhibit 6. In his appellate brief, Petitioner asserted a single assignment of error:

> I. APPELLANT WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF HIS RIGHTS PURSUANT TO THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION WHEN DEFENSE COUNSEL FAILED TO FILE A MOTION TO SUPPRESS DEFENDANT-APPELLANT'S OUT OF COURT PHOTOGRAPH IDENTIFICATION AND FAILED TO OBJECT TO IN COURT TESTIMONY REGARDING SAID OUT OF COURT PHOTOGRAPH IDENTIFICATION.

The state filed the brief of appellee on March 25, 2008. ECF Dkt. #8-1, p. 97, Exhibit 78 On July 10, 2008, the Eighth District affirmed the judgment of the trial court.[3] ECF Dkt. #8-1, p. 139,

---

[3]Following the briefing of the issue presented, the Eighth District *sua sponte* instructed the parties to file supplemental briefs addressing the impact of the Supreme Court of Ohio's decision in *State v. Colon*, 118 Ohio St.3d 26, 2008-Ohio-1624 on the pending appeal. Petitioner filed a supplemental response brief, ECF Dkt. #8-1, p. 120, Exhibit 9, which included the following additional assignment of error:

> THE TRIAL COURT ERRED IN ITS CONVICTIONS OF AGGRAVATED ROBBERY UNDER COUNTS ONE THROUGH THREE OF THE INDICTMENT BECAUSE EACH OF THE SAID COUNTS OMITTED THE MENS REA ELEMENT FOR THE PRESCRIBED CONDUCT.

The Eighth District ultimately concluded that the facts presented in the appeal were distinguishable from the facts in *Colon*, supra. *State v. Price*, 8th Dist. No. 90308, 2008-Ohio-3454, ¶3.

Exhibit 11.

On August 25, 2008, Petitioner filed his notice of appeal to the Supreme Court of Ohio. In his memorandum in support of jurisdiction, ECF Dkt. #8-1, p. 152, Exhibit 13, Petitioner asserted the following propositions of law:

> 1. AN INDICTMENT FOR AGGRAVATED ROBBERY WHICH FAILS TO ALLEGE A CULPABLE MENTAL STATE IS FATALLY DEFECTIVE AND MUST BE DISMISSED.
>
> 2. A DEFENDANT HAD BEEN DENIED HIS SIXTH AMENDMENT RIGHT WHERE HE HAS BEEN SENTENCED BASED ON JUDICIAL FACTFINDING.
>
> 3. A DEFENDANT HAD BEEN SUBJECTED TO MULTIPLE PUNISHMENTS IN VIOLATION OF THE FIFTH AMENDMENT WHERE THE COURTS FAIL TO MERGE SIMULTANEOUS ACTS OF AGGRAVATED ROBBERY.
>
> 4. THE FAILURE TO INSTRUCT ON ALL THE ELEMENTS OF AN OFFENSE IS STRUCTURAL ERROR AND DENIED A DEFENDANT HIS CONSTITUTIONAL RIGHTS.
>
> 5. A DEFENDANT HAS BEEN DENIED HIS RIGHT TO CONSTITUTIONAL NOTICE WHERE AN INDICTMENT ALLEGING AGGRAVATED ROBBERY FAILS TO IDENTIFY ANY SPECIFIC THEFT OFFENSE.
>
> 6. A JURY INSTRUCTION WHICH SINGLES OUT THE TESTIMONY OF THE DEFENDANT WHICH TO BE GIVEN DIFFERENT CONSIDERATION HAS DENIED A DEFENDANT DUE PROCESS OF LAW.
>
> 7. A DEFENDANT HAD BEEN DENIED DUE PROCESS OF LAW WHERE A COURT, IN INSTRUCTING ON FLIGHT, REQUIRES A DEFENDANT TO SATISFACTORILY EXPLAIN HIS FLIGHT.
>
> 8. A DEFENDANT HAS BEEN DENIED HIS CONSTITUTIONAL RIGHT TO A UNANIMOUS JURY VERDICT WHERE THE COURT FAILS TO REQUIRE A JURY TO UNANIMOUSLY AGREE ALTERNATIVE THEORY OF A PRINCIPAL OFFENDER OR AN AIDER AND ABETTOR.
>
> 9. A DEFENDANT HAS BEEN DENIED DUE PROCESS OF LAW WHEN THE DEFENDANT OFFERS ALIBI EVIDENCE AND THE COURT FAILS TO GIVE AN INSTRUCTION ON ALIBI.
>
> 10. A DEFENDANT HAS BEEN DENIED DUE PROCESS OF LAW WHEN A DEFENDANT OFFERS ALIBI EVIDENCE AND THE COURT GIVES AN ON OR ABOUT JURY INSTRUCTION.
>
> 11. A DEFENDANT HAD BEEN DENIED DUE PROCESS OF LAW WHEN THE COURT ORDERS DEFENDANT TO DISROBE IN THE PRESENCE OF THE JURY.
>
> 12. A DEFENDANT HAS BEEN DENIED DUE PROCESS OF LAW WHEN THE

COURT, IN ANSWERING A JURY QUESTION, PROCEEDS TO MODIFY ITS JURY INSTRUCTION AND MADE FACTUAL FINDINGS.

The State filed a waiver of memorandum in response. ECF Dkt. #8-1, p. 180, Exhibit 14. On December 31, 2008, the Supreme Court of Ohio denied Petitioner's leave to appeal and dismissed the appeal as not involving any substantial constitutional question. ECF Dkt. #8-1, p. 181, Exhibit 15.

### C. Motion for Leave to File a Motion for New Trial/Post-Conviction Relief

On August 22, 2008, during the pendency of his direct appeal to the Ohio Supreme Court, Petitioner filed a motion for leave to file a motion for new trial based on newly discovered evidence, or, in the alternative, petition for post-conviction relief. ECF Dkt. #8-1, p. 182, Exhibit 16. The motion/petitioner was predicated on a handwritten affidavit (with handwritten notary) of Deandre Williams. In the affidavit, Williams stated that Petitioner played no part in the robbery, but, instead, appeared after the robbery was complete when Williams was fleeing the scene. On August 28, 2008, the trial court denied the motion. ECF Dkt. #8-1, p. 188, Exhibit 17.

Petitioner filed his notice of appeal on September 19, 2008. ECF Dkt. #8-1, p. 189, Exhibit 18. Petitioner filed his appellate brief on September 26, 2008. ECF Dkt. #8-1, p. 192, Exhibit 19. In the brief, Petitioner asserted a single assignment of error:

> DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT DISMISSED, WITHOUT A HEARING, HIS MOTION FOR LEAVE TO FILE A MOTION FOR NEW TRIAL BASED ON NEWLY DISCOVERED EVIDENCE OR HIS ALTERNATIVE PETITION FOR POST CONVICTION RELIEF.

The state filed the brief of appellee on October 23, 2008. ECF Dkt. #8-1, p. 203, Exhibit 20. On February 5, 2009, the Eighth District Court of Appeals affirmed the decision of the lower court. ECF Dkt. #8-1, p. 212, Exhibit 21. The Eight District wrote:

> {¶ 12} Crim.R. 33(A)(6) provides that a new trial may be granted due to new evidence which the defendant could not have discovered with reasonable diligence and produced at trial. A motion for a new trial made pursuant to Crim.R. 33 is addressed to the sound discretion of the trial court. That decision will not be disturbed upon appeal absent a showing that the trial court abused its discretion. An
>
> abuse of discretion connotes more than a mere error of law or an error in judgment.

It implies an arbitrary, unreasonable, or unconscionable attitude on the part of the trial court. *State v. Rogers* (Nov. 16, 2000), Cuyahoga App. No. 77723.

{¶ 13} "To warrant the granting of a motion for a new trial in a criminal case, based on the ground of newly discovered evidence, it must be shown that the new evidence (1) discloses a strong possibility that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence." *State v. Mack* (Oct. 28, 1999), Cuyahoga App. No. 75086, quoting *State v. Petro* (1947), 148 Ohio St. 505, 76 N.E.2d 370, syllabus.

{¶ 14} A trial court's decision denying a request for new trial is reviewed for an abuse of discretion. State v. Filiaggi, 86 Ohio St.3d 230, 237, 1999-Ohio-99, 714 N.E.2d 867. In order to constitute an abuse of discretion, the court's attitude must be unreasonable, arbitrary, or unconscionable. Id. The decision to grant a motion for a new trial is an extraordinary measure that should be used only when the evidence presented weighs heavily in favor of the moving party. *State v. King* (June 4, 1998), Cuyahoga App. No. 72892.

{¶ 15} In addition, it is well established that a trial court has broad discretion to determine whether it is necessary to hold an evidentiary hearing on a motion for new trial. Id.

{¶ 16} The Ohio Supreme Court discussed determining the credibility of supporting affidavits in postconviction relief proceedings in *State v. Moore* (1994), 99 Ohio App.3d 748, 651 N.E.2d 1319, citing *Sumner v. Mata* (1981), 449

{¶ 17} U.S. 539, 545-546, 101 S.Ct. 764, 768-769, 66 L.Ed.2d 722, 730.

{¶ 18} The Ohio Supreme Court suggested that a trial court, in assessing the credibility of affidavit testimony in so-called paper hearings, should consider all relevant factors. *Moore* at 754, 651 N.E.2d at 1323. Among those factors are: (1) whether the judge reviewing the postconviction relief petition also presided at the trial; (2) whether multiple affidavits contain nearly identical language, or otherwise appear to have been drafted by the same person; (3) whether the affidavits contain or rely on hearsay; (4) whether the affiants are relatives of the petitioner, or otherwise interested in the success of the petitioner's efforts; and (5) whether the affidavits contradict evidence proffered by the defense at trial. Moreover, a trial court may find sworn testimony in an affidavit to be contradicted by evidence in the record by the same witness, or to be internally inconsistent, thereby weakening the credibility of that testimony. Id. at 754-756, 651 N.E.2d at 1323-1324.

{¶ 19} Depending on the entire record, one or more of these or other factors may be sufficient to justify the conclusion that an affidavit asserting information outside the record lacks credibility. Such a decision should be within the discretion of the trial court. Here, Deandre Williams's affidavit clearly contradicts the evidence proffered by the defense at trial.

{¶ 20} The affidavit that appellant submitted with his motion was allegedly signed by the victim, Deandre Williams. Deandre was included on the state's witness list. This list was filed on December 14, 2006, in response to appellant's discovery request. Accordingly, appellant was aware of this witness well in advance of his June 2007 trial and certainly before his August 2008 motion for new trial.

> {¶ 21} The record demonstrates that the lower court evaluated the evidence submitted and determined that appellant's motion for new trial did not warrant a hearing and did not call for the granting of postconviction relief. It is clear that the trial court did not abuse its discretion when it did not hold a hearing and denied appellant's motion for new trial.
>
> {¶ 22} Deandre was included on the state's witness list well before trial. Defense counsel had more than enough time to reexamine events with Deandre. The witness list was filed on December 14, 2006, approximately six months before trial and over a year and a half before appellant's August 2008 motion for new trial. Accordingly, appellant's assignment of error is overruled.

*State v. Price*, 8th Dist. No. 92096, 2009-Ohio-480, ¶12- 22. On February 17, 2009, Petitioner filed an application for reconsideration. ECF Dkt. #8-1, p. 222, Exhibit 22.  The state filed an opposition brief on February 27, 2009. ECF Dkt. #8-1, p. 228, Exhibit 23.  The Eighth District denied the application for reconsideration on March 2, 2009. ECF Dkt. #8-1, p. 232, Exhibit 24.

Petitioner field his notice of appeal in the Supreme Court of Ohio on April 8, 2009. ECF Dkt. #8-1, p. 223, Exhibit 25.  In his memorandum in support of jurisdiction, ECF Dkt. #8-1, p. 235, ECF Dkt. #8-1, p. 235, Exhibit 26, Petitioner asserted the following proposition of law:

> A DEFENDANT HAS BEEN DENIED DUE PROCESS OF LAW WHEN THE COURT DISMISSES, WITHOUT A HEARING, A MOTION FOR LEAVE TO FILE A MOTION FOR NEW TRIAL BASED ON NEWLY DISCOVERED EVIDENCE WHERE DEFENDANT HAS PRESENTED EVIDENCE OF HIS ACTUAL INNOCENCE CONSISTING OF A STATEMENT OF AN ALLEGED VICTIM WHO DID NOT TESTIFY AT DEFENDANT'S TRIAL STATING THAT DEFENDANT WAS IN NO WAY RESPONSIBLE FOR THE OFFENSE.

The State filed a waiver of memorandum in response. ECF Dkt. #8-1, p. 258, Exhibit 27.  On July 1, 2009, the Supreme Court of Ohio denied Petitioner's leave to appeal and dismissed the appeal as not involving any substantial constitutional question. ECF Dkt. #8-1, p. 259, Exhibit 28.

### D.     Application for Reopening

In the meantime, on October 17, 2008, Petitioner filed a Rule 26(B) application with the Eighth District Court of Appeals,  ECF Dkt. #8-1, p. 260, Exhibit 29, raising the following grounds:

> 1. DEFENDANT WAS DENIED HIS SIXTH AMENDMENT RIGHTS WHERE THE TRIAL COURT SENTENCED DEFENDANT BASED ON JUDICIAL FACTFINDING.
>
> 2. DEFENDANT WAS SUBJECTED TO UNCONSTITUTIONAL MULTIPLE PUNISHMENTS IN VIOLATION OF THE FIFTH AMENDMENT WHERE THE COURT FAILED TO MERGE THE SIMULTANEOUS ACTS OF AGGRAVATED

>ROBBERY.
>
>3. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHERE THE COURT FAILED TO INSTRUCT THE JURY ON ALL THE ELEMENTS OF THE OFFENSE.
>
>4. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHERE THE INDICTMENT ALLEGING AGGRAVATED ROBBERY FAILED TO IDENTIFY ANY SPECIFIC OFFENSE.
>
>5. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHERE TESTIMONY OF DEFENDANT WAS TO BE GIVEN DIFFERENT CONSIDERATION FROM THAT OF OTHER WITNESSES.
>
>6. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHERE THE TRIAL COURT IN INSTRUCTION [sic] THE JURY ON FLIGHT, REQUIRED THE DEFENDANT TO SATISFACTORILY EXPLAIN HIS FLIGHT.
>
>7. DEFENDANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO A UNANIMOUS JURY VERDICT WHERE THE COURT FAILED TO REQUIRE A JURY TO UNANIMOUSLY AGREE ALTERNATIVE THEORIES OF A PRINCIPAL OFFENDER OR AN AIDER AND ABETTOR.
>
>8. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT FAILED TO GIVE AN ALIBI INSTRUCTION WHERE DEFENDANT OFFERED EVIDENCE OF ALIBI.
>
>9. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHERE THE COURT GAVE AN ON OR ABOUT INSTRUCTION AFTER DEFENDANT HAD OFFERED ALIBI EVIDENCE.
>
>10. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT ORDERED DEFENDANT TO DISROBE IN THE PRESENCE OF THE JURY.
>
>11. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT, IN ANSWERING A JURY QUESTION, MODIFIED ITS JURY INSTRUCTIONS AND MADE FACTUAL FINDINGS.
>
>12. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT, IN ANSWERING A JURY QUESTION, MODIFIED ITS JURY INSTRUCTIONS AND MADE FACTUAL FINDINGS.

The state filed a brief in opposition to the Rule 26(B) application. ECF Dkt. #8-1, p. 289, Exhibit 30. The Eighth District denied the application on July 14, 2009. ECF Dkt. #8-1, p. 300, Exhibit 31.

On August 24, 2009, Petitioner filed a notice of appeal to the Ohio Supreme Court. ECF Dkt. #8-1, p. 314, Exhibit 32. In his memorandum in support of jurisdiction, ECF Dkt. #8-1, p. 316, Exhibit 33, Petitioner asserted the following propositions of law:

>1. IN REVIEWING A CLAIM OF INEFFECTIVE ASSISTANCE OF APPELLATE

> COUNSEL THE COURT MUST DETERMINE WHETHER ISSUES COULD HAVE BEEN RAISED BY APPELLATE COUNSEL.
>
> 2. A DEFENDANT HAD BEEN DENIED HIS SIXTH AMENDMENT RIGHTS WHERE A TRIAL COURT SENTENCES THE DEFENDANT BASED ON JUDICIAL FACTFINDING.
>
> 3. DEFENDANT HAS BEEN UNCONSTITUTIONALLY SENTENCED TO MULTIPLE PUNISHMENTS IN VIOLATION OF THE FIFTH AMENDMENT WHERE A COURT FAILS TO MERGE A SINGLE ACT OF AGGRAVATED ROBBERY.
>
> 4. A DEFENDANT HAS BEEN DENIED DUE PROCESS OF LAW WHERE A COURT FAILS TO INSTRUCT THE JURY ON ALL OF THE ELEMENTS OF THE OFFENSE.
>
> 5. A DEFENDANT HAS BEEN DENIED DUE PROCESS OF LAW WHERE AN INDICTMENT ALLEGING AGGRAVATED ROBBERY FAILS TO IDENTIFY ANY SPECIFIC OFFENSE.
>
> 6. A DEFENDANT HAS BEEN DENIED DUE PROCESS OF LAW AND A FAIR TRIAL WHERE THE TESTIMONY OF DEFENDANT WAS TO BE GIVEN DIFFERENT CONSIDERATION FROM THAT OF OTHER WITNESSES.
>
> 7. A DEFENDANT HAD BEEN DENIED DUE PROCESS OF LAW WHERE A TRIAL COURT, IN GIVING AN INSTRUCTION ON FLIGHT, REQUIRED THE DEFENDANT TO SATISFACTORILY EXPLAIN HIS FLIGHT.
>
> 8. A DEFENDANT HAD BEEN DENIED HIS CONSTITUTIONAL RIGHT TO A UNANIMOUS JURY VERDICT WHERE THE COURT FAILS TO REQUIRE THE JURY TO UNANIMOUSLY AGREE ON ALTERNATIVE THEORIES OF DEFENDANT BEING A PRINCIPAL OFFENDER OR AN AIDER AND ABETTOR.
>
> 9. A DEFENDANT HAD BEEN DENIED DUE PROCESS OF LAW WHERE A COURT FAILS TO GIVE AN ALIBI INSTRUCTION WHERE THE DEFENDANT HAS OFFERED EVIDENCE SUPPORTING HIS ALIBI.
>
> 10. A DEFENDANT HAS BEEN DENIED DUE PROCESS OF LAW WHERE A COURT GIVEN AN "ON OR ABOUT" INSTRUCTION WHERE THE DEFENDANT HAS OFFERED ALIBI EVIDENCE.
>
> 11. A DEFENDANT HAS BEEN DENIED DUE PROCESS OF LAW WHERE A COURT ORDERS A DEFENDANT TO DISROBE IN THE PRESENCE OF THE JURY.
>
> 12. A DEFENDANT HAD BEEN DENIED DUE PROCESS OF LAW WHEN A COURT, IN ANSWERING A JURY QUESTION, MODIFIES ITS JURY INSTRUCTIONS AND MAKES FACTUAL FINDINGS.

The State filed a waiver of memorandum in response. ECF Dkt. #8-1, p. 349, Exhibit 34. On July 1, 2009, the Supreme Court of Ohio denied Petitioner's leave to appeal and dismissed the appeal as not involving any substantial constitutional question. ECF Dkt. #8-1, p. 350, Exhibit 35.

### E. Federal Habeas Corpus Petition

On November 11, 2010, Petitioner filed the instant petition seeking relief from his state court conviction. ECF Dkt. #1; *see Towns v. U.S.*, 190 F.3d 468, 469 (6th Cir. 1999) citing *Houston v. Lack*, 487 U.S. 266, 270-74 (1988) (a *pro se* prisoner's petition is considered to be filed on the day he delivers it to prison authorities). Petitioner presents the following grounds for relief:

**Ground One:**

**Supporting Facts:**

> Petitioner's Guaranteed Right to Due Process of law under the Fourteenth Amendment to the United States was Violated when the trial court dismissed Petitioner's motion for new trial based on newly discovered evidence without a hearing on the issue.

**Ground Two:**

**Supporting Facts:**

> Petitioner's Guaranteed Right to Effective Assistance of Appellat [sic] Counsel was denied, as Appellate Counsel is expected to raise dead bang winners on appeal.

ECF Dkt. #1. On April 18, 2011, Respondent filed the pending motion to dismiss. ECF Dkt. #8.

### III. PROCEDURAL BARRIERS TO REVIEW

A petitioner must overcome several procedural barriers before a court will review the merits of a petition for a writ of federal habeas corpus. As Justice O'Connor noted in *Daniels v. United States*, "Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim." 532 U.S. 374, 381 (2001); *see also United States v. Olano*, 507 U.S. 725, 731 (1993).

Respondent contends that the instant petition is time-barred and should be dismissed. In general, a state prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2254 must comply with the statute of limitations period set forth in 28 U.S.C. § 2244, which provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (d)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The statute of limitations is tolled for any period of time in which a properly filed petition for post-conviction relief is pending before the state courts. *Jurado v. Burt*, 337 F.3d 638, 640 (6th Cir. 2003); see 28 U.S.C. §2244(d)(2). To determine if a state proceeding will toll the statute of limitations, the Sixth Circuit has held that:

> A state petition for post-conviction or other collateral review that does not address one or more of the grounds of the federal habeas petition in question is not a review 'with respect to the pertinent judgment or claim' within the meaning of 28 U.S.C. § 2244(d)(2), and therefore does not toll the one-year AEDPA statute of limitations.

*Austin v. Mitchell*, 200 F.3d 391, 395 (6th Cir. 1999). Further, the "tolling provision does not ... 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)).

The one-year statute of limitations under Section 2244 is subject to equitable tolling when a petitioner's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the petitioner's control. *Dunlap v. United States*, 250 F.3d 1001, 1004 (6th Cir. 2001); *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000). The Sixth Circuit has stated that "federal courts sparingly bestow equitable tolling." *Graham-Humphreys*, 209 F.3d at 560-61; *Jurado*, 337 F.3d at 642. When determining whether equitable tolling is appropriate, the court must consider: "(1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3)

diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim." *Dunlap*, 250 F.3d at 1008; *Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002). These factors are not comprehensive and not all of the factors are relevant in all cases. *Cook*, 295 F.3d at 521. Whether equitable tolling is appropriate is a case-by-case analysis. *Id*. "Absence of prejudice is a factor to be considered only after a factor that might justify tolling is identified." *Allen v. Yukins*, 366 F.3d 396, 401-02, 404 (6th Cir. 2004). The petitioner bears the ultimate burden of persuading the court that he or she is entitled to equitable tolling. *Vroman*, 346 F.3d at 605.

IV. **ANALYSIS**

Respondent contends that Petitioner's AEDPA statute of limitations began to run on November 5, 2009 because the Ohio Supreme Court denied the appeal of his Rule 29(B) application on November 9, 2009. Respondent further contends that the AEDPA statute of limitations would have expired one year later, absent any tolling, and, as a consequence, Petitioner filed his petition six days past the AEDPA deadline.

Petitioner has offered no explanation for his delay in excess of one year between the Supreme Court of Ohio's ultimate dismissal of his case and his filing of the instant petition. Thus, he has not been diligent in pursuing his federal habeas petition. Petitioner does not contend that he lacked actual or constructive notice of the federal filing requirement. Accordingly, equitable tolling does not apply.

The Sixth Circuit has held that the Constitution requires an actual innocence exception to AEDPA's statute of limitations. *Souter v. Jones*, 395 F.3d 577, 599 (6th Cir. 2005). To the extent that Petitioner may rely upon the Williams affidavit as evidence of actual evidence, the trial court correctly concluded that Williams was on the state's witness list, and Williams was available to testify at trial. Moreover, contrary to Petitioner's assertion in his motion for new trial, Williams' testimony merely contradicts the testimony of the other victims. Here, Petitioner does not assert or, based upon the evidence, could not demonstrate actual innocence. Therefore, he is not entitled to review under the actual innocence exception to the AEDPA filing limitation.

**V.     CONCLUSION AND RECOMMENDATION**

For the foregoing reasons, the undersigned recommends that the Court DISMISS as time-barred the instant petition, in its entirety, with prejudice.

Date: June 2, 2011                          /s/*George J. Limbert*
                                            GEORGE J. LIMBERT
                                            UNITED STATES MAGISTRATE JUDGE

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).