IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LAMAR PRICE | ) | CASE NO: 1:10 CV2631 |
| Petitioner, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| | ) | **ORDER ADOPTING** |
| TERRY TRIBALS, Warden, | ) | **MAGISTRATE'S REPORT AND** |
| | ) | **RECOMMENDATION** |
| Respondent. | ) | |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge George J. Limbert. The Report and Recommendation (ECF # 9), issued on June 2, 2011, is hereby ADOPTED by this Court. Petitioner filed a petition for writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254 (ECF # 1). Petitioner seeks relief from a judgment of conviction entered by the Summit County, Ohio Court of Common Pleas for three counts of aggravated robbery in violation of Ohio Revised Code ("O.R.C.") § 2923.13(A)(1), (A)(3); with a firearms specification, pursuant to O.R.C § 2941.145. On April 18, 2011, Respondent filed a motion to dismiss the petition as time-barred. Petitioner did not file a response brief. The Magistrate Judge recommended that the Court DISMISS as time-barred the instant petition. Petitioner has not filed any timely objections.

The Magistrate Judge found that the Petitioner's claim is barred by the statute of limitations. Petitioner offered no explanation for his delay in excess of one year between the Supreme Court of Ohio's ultimate dismissal of his case and his filing of the instant petition. Petitioner does not contend that he lacked actual or constructive notice of the federal filing

requirement. Therefore, equitable tolling does not apply. Because Petitioner does not assert, and based upon the evidence, could not demonstrate actual innocence, he is not entitled to review under the actual innocence exception to the AEDPA filing limitation. The Magistrate Judge, therefore, recommended that the Court dismiss the instant petition, in its entirety, with prejudice.

The Court has reviewed *de novo* the Report and Recommendation *see Ohio Citizen Action v. City of Seven Hills*, 35 F. Supp. 2d 575, 577 (N.D. Ohio 1999), and ADOPTS the Report and Recommendation in its entirety.

### Certificate of Appealability

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529

U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983)).

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. Where the petition has been denied on a procedural ground without reaching the underlying constitutional claims, the court must find that the petitioner has demonstrated that reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right and that reasonable jurists could debate whether the district court was correct in its procedural ruling. *Id*. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id*.

For the reasons stated in the Magistrate Judge's Report and Recommendation, a reasonable jurist could not conclude that dismissal of the Petition is in error or that Petitioner should be permitted to proceed further. Accordingly, the Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

DATED: June 22, 2011

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge